## DEVLIN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—CONTRACTS—PAYMENT—PERFORMANCE OR BREACH—CERTIFICATE OF PROGRESS—CONDITION PRECEDENT.

A contract for city improvements provided that plaintiff should receive payment for 85 per cent. of material and work furnished from time to time on certificates of the city engineer, to be made by measurement or estimation, that it amounted to $7,000 or more for the period, and that no payment should be made until the certificate of the engineer that the payment was due had been presented, etc., and that the action of the engineer, evidenced by his final certificate, should be that by which the contractor was to be bound; all prior certificates being estimates, subject to correction by the final certificate. Held, that the progress estimates were not required to be made by strict measurement, and that a certificate that the work amounted for the period to $7,000 was a condition precedent to the recovery of progress payments, in the absence of an allegation and proof that the engineer fraudulently, arbitrarily, or unreasonably refused the certificate when plaintiff was entitled to it.

2. SAME—ACTIONS—IMPROPER REFUSAL OF CERTIFICATE OF PROGRESS—NECESSITY FOR ALLEGATION AND PROOF.

If plaintiff proved that the engineer fraudulently, arbitrarily, or unreasonably refused to give a certificate when the contractor was entitled to it, he could recover, even in case of the final certificate; but it would be necessary to both plead and prove those facts.

3. SAME—QUESTIONS FOR JURY.

Whether a city engineer fraudulently, arbitrarily, and unreasonably refused to give a certificate of progress that a certain amount of work had

been done in a certain period under a contract for city improvements *held* a question for the jury.

4. CONTRACTS—BREACH—BURDEN OF PROOF.
 In an action for breach of contract, the burden of proving the breach is on plaintiff.
 [Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1771–1777.]

5. SAME—PERFORMANCE — MONEY CONTRACTS — COMPLIANCE WITH CONDITION PRECEDENT.
 When a contract provides a condition precedent to the payment of money, that condition must be complied with or disposed of to warrant recovery.
 [Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 1207.]

6. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—CONTRACTS — BREACH — ACTION—QUESTIONS FOR JURY—IMPROPER REFUSAL OF CERTIFICATE OF PROGRESS.
 Where the amount of work done under the contract is to be estimated by an engineer, and there is no direct evidence of the amount of work done, but it is attempted to be reached by a complicated course of inference and calculation, whether a slight difference between the approximation of the engineer and the results of subsequent calculations by others makes the engineer's refusal to give a certificate of progress demanded fraudulent, arbitrary, and unreasonable is a question for the jury.

7. CONTRACTS—QUESTIONS FOR JURY—AMOUNT OF WORK DONE.
 Whether a contractor did work to a certain amount under a certain contract during a certain period *held* a question for the jury.
 [Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1827, 1827½.]

8. DAMAGES—BREACH OF CONTRACT—QUESTION FOR JURY.
 In an action by a contractor for work done under a contract alleged to have been broken by defendant city, the damages to which plaintiff was entitled, if any, *held*, under the evidence, for the jury.
 [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 533, 534.]

Appeal from Trial Term.

Action by John H. Devlin against the city of New York for breach of contract. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Francis K. Pendleton, Corp. Counsel (Terence Farley and Theodore Connely, of counsel), for appellant.

Kellogg & Rose (L. Laflin Kellogg and Alfred C. Pette, of counsel), for respondent.

CLARKE, J.   This is an appeal by the defendant from a judgment entered upon a verdict directed by the court in favor of the plaintiff for the sum of $22,350 damages and costs.   The action was brought to recover the sum of $25,000 as damages for the breach by the defendant of a contract made and entered into by it with the plaintiff for the improvement of Crotona Parkway, from 175th street to 182d street, in the borough of the Bronx, New York City.   The contract was made on October 11, 1902.   In accordance with the terms there-

of the plaintiff was notified to commence work thereunder on November 3, 1902. Under the contract the work was to be completed within 200 working days after the date fixed for its commencement. The contract contained the following provisions:

"(G) To prevent all disputes and litigation, the engineer shall in all cases determine the amount or the quantity of the several kinds of work which are to be paid for under this contract, and he shall determine all questions in relation to said work and the construction thereof, and he shall in all cases decide every question which may arise relative to the execution of this contract on the part of the contractor, and his estimate and decision shall be final and conclusive; and such estimate and decision, in case any question shall arise, shall be a condition precedent to the right of the contractor to receive any money under this contract."

"(L) The engineer's certificate that the work has been faithfully performed so far forth in accordance with the requirements of this contract, filed with the park department, shall be a condition precedent to the right of the contractor to the payment for the work or any part thereof done by him under this agreement."

"(U) The contractor shall not be entitled to demand or receive payment for any portion of the aforesaid work until the same shall be fully completed, in the manner set forth in this agreement, and such completion shall be duly certified in writing by the engineer in charge of the work as herein provided. * * * But in order to facilitate the performance of the work, the engineer shall from time to time as the work progresses, and not oftener than once a month, make in writing an estimate, such as in his opinion shall be just and fair, of the amount of material furnished and delivered and work done by the contractor in the performance of this contract on his part, and of the value thereof under and according to the terms of this contract. The first such estimate shall be of the amount of work done and materials furnished and delivered since the contractor commenced the performance of this contract on his part, and every subsequent estimate, except the final one, shall be of the amount of work done and materials furnished and delivered since the contractor commenced the performance of this contract. Such estimate of amount and quantity shall not be required to be made by strict measurement, but they may be made by measurement or by estimation, or partly by one and partly by the other, and it shall be sufficient if they are approximate only, and estimates strictly so called. And upon each such estimate being made and certified in writing to the commissioners of the department of parks, the party of the first part will pay to the contractor eighty-five per centum (85%) of the amount stated in such estimate or certificate to be the value of the materials therein certified to have been furnished and delivered, and work therein certified to have been done: Provided, the value of the work certified in each such estimate shall amount to seven thousand dollars or more. Provided, however, that no payment shall be made until a certificate of the engineer that the payment is due has been presented to the commissioner, and that from each payment 15 per cent. shall be withheld until the final certificate shall be issued. * * *"

"(V) The action of the engineer, by which the contractor is to be bound and concluded according to the terms of this contract, shall be that evidenced by his final certificate; all prior certificates or estimates upon which eighty-five per cent. payments may be made being merely estimates and subject to the corrections of such final certificate, which may be made without notice to the contractor thereof, or of the measurements upon which the same is based."

"(AA) The city, its successors and assigns, shall not, nor shall any department or officer of the city of New York, be precluded or estopped by any return or certificate made or given by any engineer, surveyor, or inspector, or other officer, agent, or appointee of the commissioner, or party of the first part, under and in pursuance of anything in this agreement contained, from at any time showing the true and correct amount and character of the work which shall have been done and materials which shall have been furnished by the contractor, or any person or persons under this agreement."

The complaint alleged:

"That after the commencement of said work, and on or about April 24, 1903, the engineer in charge of the work made a certificate or estimate as called for by the contract of the amount of work done thereunder, amounting to $8,-495, upon which the plaintiff received payment to the amount of $7,220.75. That after the making of said certificate or estimate, and for a period of four months, said plaintiff proceeded with said work and furnished materials and labor to a large amount and largely in excess of the amount and value of $7,000, the sum which would entitle him, under the terms of the contract, to a certificate or estimate, and the payment of another installment thereunder. That thereafter the said John H. Devlin repeatedly demanded of the city engineer in charge of said work and his representative that he should make a certificate or estimate of the amount of materials furnished and work done to which he was entitled to payment under the terms of the said contract, in order to procure another monthly installment or payment. That, notwithstanding the said demand for the certificate, the city engineer in charge of said work has refused to make or deliver any certificate or estimate."

He further alleges that by reason of said breach he suffered loss and damage in the sum of $25,000, the value of the work done, materials furnished at the time of said breach, increased cost, and additional work in connection with the performance of said contract. The plaintiff ceased working and withdrew his men on or about the 20th day of August, 1903, and thereafter commenced this action. He concedes that in order to recover he must prove a breach of contract by the city; that is, that he had performed work under the contract after the date of the first 85 per cent. certificate, April 24, 1903, amounting to $7,000 at the time when he left the job, for which the city refused payment. It will be noted that the determination of the fact of whether or not he had performed sufficient work to entitle him to a payment was left by the contract to the engineer, whose certificate of that fact was made thereby a condition precedent to his receiving his payment:

"To prevent all disputes and litigation, the engineer shall in all cases determine the amount or the quantity of the several kinds of work which are to be paid for under this contract." "But in order to facilitate the performance of the work the engineer shall from time to time, as the work progresses, * * * make in writing an estimate, such as in his opinion shall be just and fair, of the amount of material furnished and delivered and work done by the contractor in the performance of this contract on his part, and of the value thereof under and according to the terms of this contract. * * * Such estimate of amount and quantity shall not be required to be made by strict measurement, but they may be made by measurement or an estimation, or partly by one and partly by the other, and it shall be sufficient that they are approximate only, and estimate strictly so called. * * * Provided, however, that no payment shall be made until a certificate of the engineer that the payment is due has been presented to the commissioner and that from each payment 15 per cent. shall be withheld until the final certificate shall be issued."

These progress certificates differ in character from the final certificate made at the completion of the whole work, upon which the final payment is to be made. This final certificate is conclusive upon the contractor; but it is expressly provided that all prior certificates or estimates, upon which 85 per cent. payments may be made, are merely estimates, and subject to the corrections of such final certificate. The progress certificate is an estimate such as in the opinion of the engineer shall be just and fair, is not required to be made by

strict measurement, but may be made by measurement or by estimation, and is sufficient if approximate only; but nevertheless the opinion of the engineer that the contractor has done sufficient work to entitle him to a payment, as evidenced by his certificate, is made a condition precedent to his receiving such payment. The complaint does not allege that the engineer fraudulently, arbitrarily, or unreasonably refused to give a certificate when the contractor was entitled to it. Had the contractor succeeded in establishing that fact, he might recover, even in the case of a final certificate made conclusive by the contract; but in such case it would be necessary both to allege and prove that fact. An issue of fact would then be raised, to be submitted to and decided by the jury.

In this complaint the plaintiff has confined himself to an allegation that he had furnished materials and labor in excess of the amount in value of $7,000, that he had demanded a certificate, and that, notwithstanding the said demand, the engineer had refused to make or deliver the certificate. It seems to me that when, by the terms of the contract, the making of this certificate is confided to the discretion of the engineer, when his opinion is the test of what shall be just and fair, based upon the approximate estimate which he shall have made of the amount of work done, it was essential that the jury should have been allowed to pass upon the question whether his refusal was fraudulent, arbitrary, or unreasonable, even assuming that the language of the complaint was enough to raise it, and this seems to have been the impression of the learned trial court at one time upon the trial; for when, at the close of the plaintiff's case, the defendant moved for a dismissal upon the ground that the plaintiff had not established that the engineer had arbitrarily withheld a certificate, the court said, "I think I will let the jury determine that." He did not do so, however, but at the close of the case directed a verdict. The testimony tends to establish that the reason the certificate was not given was that in the opinion of the engineer sufficient work had not been done to entitle the contractor to it. Instead of going on and doing enough additional work to satisfy the engineer, he abandoned the work. Standing upon a legal right, asserting affirmatively a breach by the city, the plaintiff held the burden of establishing the fact. When a contract provides a condition precedent to the payment of money, that condition precedent must be complied with or disposed of. Not having been complied with, whether it was disposed of under the language of this contract and the circumstances of this case was a question of fact, and not a question of law. It cannot be, where the amount of work done is only to be estimated, and where the amount of work done, as in this case, is not testified to by direct evidence, but has been attempted to be arrived at by a complicated course of inference and calculation, that a difference in a small amount between the approximation of the engineer and the results of subsequent calculation by others is enough to make the engineer's refusal in the exercise of his judgment fraudulent, arbitrary, or unreasonable. This is clearly so as matter of law. This question, then, having been for the jury, it was error to direct a verdict.

Again, it is conceded that the burden was upon the plaintiff of showing, as matter of fact, that he had done $7,000 worth of work under the contract after the giving of the first progress certificate. He did not do this by direct evidence of the amount of work done. Taking the cross-sections made by the city in the first instance from the surface of the ground in place, showing the work to be done for the purpose of enabling proposed bidders to submit their estimate and bids, the plaintiff attempted to show the whole amount of work which he claimed to have done at the time that he abandoned the work, and, at the contract prices, calculated the amount he claimed to have earned for all the work done by him. From this he subtracted the amount of the first progress certificate, and claimed that the result was the amount he had earned. The amount thus arrived at was more than the $7,000 provided in the contract to entitle him to a second payment. But the first certificate was only an approximate estimate, expressly so provided, and there was evidence given by the city which, if believed, would have reduced the amount earned for the work done thereafter considerably below the $7,000 required. We reach this result from a most careful study of this voluminous record. It is not necessary to set forth the details of the evidence, for we are clearly of opinion that a question of fact was presented as to the amount done, which should have been submitted to the jury.

Assuming that he had shown that he had performed sufficient work to entitle him to a second payment, and that the refusal of the city to pay was a breach of the contract upon its part which entitled him to abandon the work and to damages, the plaintiff undertook to show those damages, not by showing what he would have earned under the contract if he had completed the same, but by attempting to establish the value of the work done and materials furnished by him, not at the prices therefor stated in the contract, but at the fair market value thereof. Here, again, a question of fact was presented, because there was some conflict in the evidence as to certain of the work. For instance, the contract provided for bluestone curbing of certain required dimensions set in place at $1 a foot. Certain of his witnesses testified to the value of said bluestone curbing, simply delivered upon the street and not set, at from $1.25 to $1.40 a foot. The learned court, in making up the amount which he directed the jury to return, placed this item at $1.40 a foot. The jury should have determined the damages. For this reason, also, the direction of a verdict was error.

The judgment appealed from, therefore, should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

INGRAHAM, J. I concur with Mr. Justice CLARKE that, if there was any evidence that the failure of the city's engineer to give a certificate was either fraudulent, arbitrary, or unreasonable, there would be a question for the jury; but I am in favor of reversing the judgment upon the ground that there was no evidence to sustain a finding that the refusal of the engineer to give to the plaintiff the certificate which would entitle him to an ad interim payment was either

fraudulent, arbitrary, or unreasonable. As these certificates are not to be made by strict measurement, but may be made by the engineer by "measurement or by estimation, or partly by one and partly by the other, and it shall be sufficient if they are approximate only, and estimates strictly so called," it is necessarily the judgment of the engineer as to the amount of work completed that, the parties agree shall determine his action. While it may be easy to imagine a case where the amount of work has been so great that no engineer could in good faith refuse to make an estimate and give a certificate that at least $7,000 worth of work under the contract had been performed, so as to justify a finding that the refusal to give a certificate was arbitrary and unreasonable, there is nothing in this evidence to justify a finding that the amount of work performed by the plaintiff was so clearly in excess of $7,000 that the engineer could not in good faith determine that it did not equal that amount. The fact that subsequently exact measurements disclosed that more than $7,000 worth of work had been performed was not sufficient of itself to sustain a finding that such an amount had actually been performed that it was arbitrary or unreasonable to refuse a certificate. No amount was due under the contract until such a certificate had been given. There was, therefore, no breach of the contract because of a refusal to pay any sum of money due to the plaintiff under it. The only breach of the contract that would justify the plaintiff in abandoning the work was proof that the engineer had fraudulently, arbitrarily, or unreasonably refused to give a certificate which the contract required that he should give; and where by the express terms of the contract the question as to whether or not the certificate should be given was necessarily left to the judgment and discretion of the engineer, more is required than to show that the amount of work done would have justified a certificate. Facts must appear to justify a finding that the determination of the engineer was not an honest exercise of his judgment, but was arbitrary, fraudulent, or unreasonable.

Upon this evidence, therefore, I think the plaintiff proved no cause of action, and the complaint should have been dismissed.